UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

WILLIAM BRECK, an Individual, pro se,

Plaintiff,

v.

ROGER DOYLE, et al.,

Defendants.

Case No. 3:12-cv-00649-MMD-VPC

ORDER

## I.   SUMMARY

This action is brought by *pro se* Plaintiff William Breck against Defendants in connection with a State Bar of Nevada disciplinary investigation and proceeding regarding Plaintiff and his law firm, The Public Interest Law Firm, Inc. ("TPI"). (Dkt. no. 14.) Plaintiff's sprawling First Amended Complaint ("FAC") asserts claims against sixteen (16) named individual Defendants, the State Bar of Nevada, the State of Nevada ex rel. the Supreme Court of Nevada and up to one hundred (100) unnamed doe defendants. (*Id.*)

Before the Court are six (6) different motions to dismiss (dkt. nos. 21, 24, 26, 29, 31, 44), two (2) motions for costs (dkt. nos. 32, 94), a motion to strike (dkt. no. 65) and a motion for extension of time (dkt. no. 104). For the reasons set out below, this matter is stayed on *Younger* abstention grounds and the Complaint is dismissed for failure to comply with Fed. R. Civ. P. 8(a).

## II.   BACKGROUND

Plaintiff filed the FAC on August 22, 2013. (Dkt. no. 14.) It names the following Defendants: (1) Roger Doyle; (2) Janeen Isaacson; (3) David Clark; (4) Patrick King; (5)

1  Glenn Machado; (6) J. Thomas Susich; (7) Laura Peters; (8) Kimberly Farmer; (9)

2  Kathleen Breckenridge; (10) Caren Jenkins; (11) Mikyla Miller; (12) Monica Caffaratti;

3  (13) Don Beury; (14) Yvette Chevalier; (15) Bryan Hunt; (16) Carol Hummel; (17) State

4  Bar of Nevada; and (18) State of Nevada ex rel. Supreme Court of Nevada.

5         The Northern Nevada Disciplinary Panel ("Panel") found that Plaintiff violated

6  Nevada Rules of Professional Conduct and recommended that he be barred from the

7  practice of law in Nevada. (Dkt. no. 19 at 2-3; dkt. no. 14, Exh. AM.) The thrust of the

8  FAC and Plaintiff's action is that the State Bar of Nevada, its attorneys, the adjudicator of

9  the Panel and others involved with Plaintiff's disciplinary proceeding allegedly

10  manipulated the disciplinary process to injure Plaintiff because his firm, TPI, worked with

11  homeowners to contest foreclosures.

12         The FAC asserts the following claims all relating to Plaintiff's attorney disciplinary

13  proceeding: (1) declaratory relief and injunction; (2) negligence; (3) violation of Nevada

14  open meeting laws; (4) abuse of process; (5) interference with business relations; and

15  (6) violation of constitutional rights pursuant to 42 U.S.C. § 1983 and conspiracy to

16  violate said rights. (Dkt. no. 14 at 120–131.)

17         The following motions are currently pending before the Court:

18         1. Defendant Roger Doyle's Motion to Dismiss. (Dkt. no. 21.) Plaintiff filed an

19            opposition (dkt. no. 35) and Doyle replied (dkt. no. 43).

20         2. Defendant Monica Caffaratti's Motion to Dismiss. (Dkt. no. 24.) Plaintiff filed an

21            opposition (dkt. no. 40) and Caffaratti replied (dkt. no. 55).

22         3. Defendant State of Nevada's Motion to Dismiss. (Dkt. no. 26.) Plaintiff filed an

23            opposition (dkt. no. 41) and State of Nevada replied (dkt. no. 60).

24         4. Defendants Kathleen Breckenridge, David Clark, Kimberly Farmer, Carol

25            Hummel, Janeen Isaacson, Caren Jenkins, Patrick King, Glenn Machado, J.

26            Thomas Susich and State Bar of Nevada's Motion to Dismiss pursuant to Fed.

27            R. Civ. P. 12(b)(6) and 12(b)(1) ("Defendants' MTD"). (Dkt. no. 29.)

28            Defendants Doyle, Miller, Hunt and Beary all join this motion. (Dkt. nos. 42, 45,

51, 93.) Plaintiff filed an opposition (dkt. no. 47) and Defendants replied (dkt. no. 61).

5. Defendant Yvette Chevalier's Motion to Dismiss. (Dkt. no. 31.) Plaintiff filed an opposition and corrected opposition to this motion (dkt. nos. 48, 50) and Chevalier replied (dkt. no. 70).

6. Defendant Yvette Chevalier's Motion for Security Costs. (Dkt. no. 32.) Plaintiff filed an opposition (dkt. no. 49) and Chevalier did not reply.

7. Defendant Mikyla Miller's Motion to Dismiss. (Dkt. no. 44.) Miller filed a corrected image (dkt. no. 46), Plaintiff filed an opposition (dkt. no. 52), Plaintiff filed a corrected opposition (dkt. no. 54) and Mille replied (dkt. no. 63).

8. Plaintiff's Motion to Strike Miller's reply regarding Miller's Motion to Dismiss. (Dkt. no. 65.) Miller filed an opposition (dkt. no. 71) and Plaintiff replied (dkt. no. 72).

9. Plaintiff's Motion for Costs. (Dkt. no. 94.) Defendants filed oppositions. (Dkt. nos. 98, 99, 100, 101, 102, 103.) Plaintiff filed several replies. (Dkt. nos. 105, 106, 107.)

10. Plaintiff's Motion for Extension of Time regarding Plaintiff's reply supporting Plaintiff's Motion for Costs. (Dkt. no. 104.) This motion is unopposed.

III.   **DISCUSSION**

A.   **Defendants' MTD (dkt. no. 29)**

Defendants' MTD raises threshold issues of subject matter jurisdiction and abstention. As resolution of these issues will have an effect on all parties and the pendency of this litigation, the Court will address Defendants' MTD first.

1.   **The *Rooker-Feldman* Doctrine**

Pursuant to Fed. R. Civ. P. 12(b)(1), Defendants argue that this Court does not have subject matter jurisdiction over this action based on the *Rooker-Feldman* doctrine. (Dkt. no. 29 at 5, 6–7.)

///

1        Dismissal under Rule 12(b)(1) is appropriate if the complaint, considered in its

2    entirety, fails to allege facts on its face that are sufficient to establish subject matter

3    jurisdiction. *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 546 F.3d

4    981, 984-85 (9th Cir. 2008). Although the defendant is the moving party in a motion to

5    dismiss brought under Rule 12(b)(1), the plaintiff is the party invoking the court's

6    jurisdiction. As a result, the plaintiff bears the burden of proving that the case is properly

7    in federal court. *See In re Ford Motor Co./Citibank (S.D.), N.A.*, 264 F.3d 952, 957 (9th

8    Cir. 2001) (*citing McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

9    Federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*,

10   437 U.S. 365, 374 (1978). "A federal court is presumed to lack jurisdiction in a particular

11   case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes of

12   the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citation omitted).

13       Pursuant to Rule 12(b)(1), Defendants may assert that the *Rooker-Feldman*

14   doctrine deprives a federal district court of subject matter jurisdiction. *See, e.g., Reusser

15   v. Wachovia Bank, N.A.*, 525 F.3d 855, 858 (9th Cir. 2008); *Bianchi v. Rylaarsdam*, 334

16   F.3d 895, 898 (9th Cir. 2003). The *Rooker-Feldman* doctrine states that federal district

17   courts may not exercise subject matter jurisdiction over a de facto appeal from a state

18   court judgment. *See Rooker v. Fid. Trust Co.*, 263 U.S. 413, 414–17 (1923); *D.C. Ct. of

19   Appeals, et al. v. Feldman*, 460 U.S. 462, 482 (1983). State court litigants may only

20   achieve federal review of state court judgments by filing a petition for a writ of certiorari

21   in the Supreme Court of the United States. *Feldman*, 460 U.S. at 482.

22       The *Rooker–Feldman* doctrine "is confined to cases of the kind from which the

23   doctrine acquired its name: cases brought by state-court losers complaining of injuries

24   caused by state-court judgments rendered before the district court proceedings

25   commenced and inviting district court review and rejection of those judgments." *Exxon

26   Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The Ninth Circuit has

27   explained that "[a] federal district court dealing with a suit that is, in part, a forbidden de

28   facto appeal from a judicial decision of a state court must refuse to hear the forbidden

1   appeal. As part of that refusal, it must also refuse to decide any issue raised in the suit

2   that is 'inextricably intertwined' with an issue resolved by the state court in its judicial

3   decision." *Doe v. Mann*, 415 F.3d 1038, 1042 (9th Cir. 2005) (*quoting Noel v. Hall*, 341

4   F.3d 1148, 1158 (9th Cir. 2003)).

5           The FAC alleges that Defendants' actions throughout the disciplinary process

6   violated Plaintiff's due process and equal protection rights and that the Panel's judgment

7   has caused irreparable damage to his reputation, business and standing in the

8   community. The FAC's prayer for relief asks for monetary damages, an injunction

9   "ordering Defendants to cease and desist, and prohibiting Defendants from engaging in

10  any further actions for the purpose of causing damage or injury to the Plaintiff,

11  individually, and as Executive Director of TPI," and a judgment from this Court declaring

12  the Panel's disciplinary decision to be "void and unenforceable" and to have "no effect."

13  (Dkt. no. 14 at 131-132.)

14          The Ninth Circuit dealt with a very similar factual scenario in *Mothershed v.*

15  *Justices of the Supreme Court*, 410 F.3d 602 (9th Cir. 2005). In that case, Mothershed

16  was an attorney licensed in Oklahoma and practicing in Arizona. *Id.* at 605. The

17  Oklahoma Bar initiated disciplinary proceedings against him, a disciplinary panel found

18  that he had unlawfully practiced law in Arizona, and the Supreme Court of Oklahoma

19  entered an order disbarring him. *Id.* Mothershed filed a suit in federal district court in

20  Arizona against justices of the Oklahoma court, members of disciplinary panel and bar

21  association attorneys and officials. *Id.* His complaint requested damages and an

22  injunction reinstating his membership in the Oklahoma Bar Association and prohibiting

23  defendants from interfering with his practice. *Id.* at 605–06. Mothershed alleged that the

24  defendants violated his due process rights and committed various state torts because

25  they did not adhere to a disciplinary proceeding rule regarding timing of hearings. *Id.* at

26  607. The Ninth Circuit found that these claims were barred by the *Rooker-Feldman*

27  doctrine because they amounted to particularized challenges to the disciplinary

28  proceeding's results. *Id.* ("Mothershed is alleging that the Oklahoma defendants failed to

5

1    apply Rule 6.7 during his own state bar disciplinary hearing, which constitutes a

2    'challenge[ ] to [a] state-court decision[ ] in [a] particular case[ ].'") (*quoting Feldman*, 460

3    U.S. at 486.)

4         However, as reinforced by the *Mothershed* opinion, the *Rooker-Feldman* doctrine

5    may only be applied after state court proceedings have ended. *See Mothershed*, 410

6    F.3d at 604 n.1 (*citing Exxon Mobil*, 544 U.S. at 291). In *Mothershed*, that meant *after*

7    the Supreme Court of Oklahoma finally resolved that the disciplinary proceedings did not

8    violate Mothershed's due process rights. *Mothershed*, 410 F.3d at 604 n.1. In this case,

9    though the Panel has made its decision, the Supreme Court of Nevada is still conducting

10   its automatic review. (*See* dkt. no. 29 at 3; dkt. no. 47 at 6-7.) The *Rooker-Feldman*

11   doctrine is therefore not applicable and cannot serve as a basis for dismissal.

12        The Supreme Court of the United States has stated that the *Rooker-Feldman*

13   doctrine is not meant to "override or supplant preclusion doctrine or augment the

14   circumscribed doctrines that allow federal courts to stay or dismiss proceedings in

15   deference to state-court actions." *See Exxon Mobil*, 544 U.S. at 284. Therefore,

16   disposition of this action, once the state court proceedings are complete, will likely be

17   governed by preclusion. *Id.* at 293. Until then, as fully described below, the *Younger*

18   abstention doctrine, which is also raised by Defendants' MTD (dkt. no. 29 at 10-13),

19   compels this Court to stay this action in deference to the ongoing state court

20   proceedings.

21            ***2.    Younger* Abstention**

22        Under *Younger* abstention principles, a federal court may not exercise jurisdiction

23   when doing so would interfere with ongoing state judicial proceedings. *Middlesex Cnty.*

24   *Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982). Bar disciplinary

25   proceedings are "judicial in nature" so as to warrant federal-court deference and

26   *Younger* abstention. *Id.* at 433-44; *see also Hirsh v. Justices of the Sup. Ct. of Cal.*, 67

27   F.3d 708, 712–13 (9th Cir.1995) (concluding that *Younger* abstention was appropriate

28   where plaintiff faced ongoing state bar disciplinary proceedings when he brought suit in

1   federal court); *Mirch v. Beesely*, 316 F'Appx. 643, 644 (9th Cir. 2009) (affirming district

2   court's decision to decline to enjoin Nevada state bar disciplinary proceedings on the

3   basis of the abstention principles in *Younger*).

4        Pursuant to *Younger*, a federal court must abstain where: (1) state proceedings

5   are ongoing prior to the federal court conducting proceedings of substance on the

6   merits; (2) important state interests are involved; and (3) the plaintiff has an adequate

7   opportunity to litigate federal claims in the state proceedings. *See Middlesex*, 457 U.S. at

8   432; *M & A Gabaee v. Cmty. Redev. Agency of City of L.A.*, 419 F.3d 1036, 1041 (9th

9   Cir. 2005). The Ninth Circuit has also "identified a fourth requirement: The requested

10  relief must seek to enjoin — or have the practical effect of enjoining — ongoing state

11  proceedings." *AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1149 (9th Cir. 2007).

12       Here it is evident that all the *Younger* requirements are satisfied. First, as

13  previously discussed, the Panel's recommendation is currently being reviewed by the

14  Supreme Court of Nevada and Plaintiff has filed his opening brief in that proceeding.

15  (Dkt. no. 47 at 6-7.) Second, state disciplinary proceedings implicate important state

16  interests. *See Middlesex*, 457 U.S. at 433–34; *see also Flangas v. State Bar of Nev.*,

17  655 F.2d 946, 949 (9th Cir. 1981) (finding that *Younger* abstention normally bars the

18  district court from enjoining pending disciplinary proceeding in Nevada). Third, Plaintiff

19  will be able to raise his constitutional claims before the Supreme Court of Nevada. *See,*

20  *e.g., In re Discipline of Schaefer*, 25 P.3d 191 (Nev. 2001) (considering attorney's

21  arguments regarding due process and constitutionality of disciplinary rules in reviewing

22  Southern Nevada Disciplinary Board's recommendation of disbarment). Lastly, the Court

23  finds that this action would have the practical effect of enjoining the state proceeding as

24  Plaintiff explicitly asks this Court to declare the disciplinary decision to be "void and

25  unenforceable" and to have "no effect." (Dkt. no. 14 at 131-132.) Providing such relief

26  ///

27  ///

28  ///

1   would moot the pending appeal and stop the state court disciplinary proceedings in its

2   tracks.[1]

3       Pursuant to the *Younger* abstention doctrine, the Court will stay this action until

4   the Supreme Court of Nevada has issued its ruling and the state proceeding is thus no

5   longer pending.[2] *See Gilbertson v. Albright*, 381 F.3d 965, 981 (9th Cir. 2004) (directing

6   courts to stay, as opposed to dismiss, where monetary damages are sought).

7       **B.    Rule 8 Dismissal**

8       The FAC is dismissed without prejudice for failing to satisfy the notice pleading

9   standards of Fed. R. Civ. P. 8(a). The court may *sua sponte* dismiss a complaint for

10  failure to comply with Rule 8. *See Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995);

11  *Long v. JP Morgan Chase Bank, Nat. Ass'n*, 848 F. Supp. 2d 1166, 1173 (D. Haw.

12  2012).

13      A properly pled complaint must provide "a short and plain statement of the claim

14  showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v.*

15  *Twombly*, 550 U.S. 544, 555 (2007). The Rule 8(a) notice pleading standard requires

16  Plaintiff to "give the defendant fair notice of what the . . . claim is and the grounds upon

17  which it rests." *Twombly*, 550 U.S. at 555. (internal quotation marks and citation omitted).

18  The notice pleading requirements of Rule 8(a) can be violated not only "when a pleading

19  says too little," but also "when a pleading says too much." *Knapp v. Hogan*, 738 F.3d

20  1106, 1109 (9th Cir. 2013) (*citing Cafasso, U.S. ex rel. v. Gen.Dynamics C4 Sys., Inc.*,

21  637 F.3d 1047, 1058 (9th Cir. 2011) ("[W]e have never held — and we know of no

22

23      [1]The Court also notes that none of the exceptions to *Younger* apply. Plaintiff's
24  argument against *Younger* abstention is that, although he seeks a declaratory judgment
    and injunctive relief in the FAC, he has not yet filed a motion for that relief. (Dkt. no. 15-
25  16.) This argument is without merit. Plaintiff is the master of his complaint and
    specifically asks this Court to overturn the disciplinary panel's decision and effectively
26  enjoin the state proceedings.

        [2]Though not critical to this Court's decision, the Court notes that both Plaintiff and
27  the moving Defendants have expressed that they are comfortable with a stay of this
    action pending completion of the state proceedings. (*See* dkt. no. 47 at 11; dkt. no. 61 at
28  9.)

1 | authority supporting the proposition — that a pleading may be of unlimited length and

2 | opacity. Our cases instruct otherwise.") (citations omitted); *McHenry v. Renne*, 84 F.3d

3 | 1172, 1179-80 (9th Cir. 1996) (affirming a dismissal under Rule 8, and stating that

4 | "[p]rolix, confusing complaints such as the ones plaintiffs filed in this case impose unfair

5 | burdens on litigants and judges").

6 |        Although a *pro se* complaint is subject to a liberal construction, "even a pro se

7 | complaint is subject to dismissal if the pleading fails to reasonably inform the adverse

8 | party of the basis for the cause of action" as the FAC fails to do here.[3] *See In re "Santa*

9 | *Barbara Like It Is Today" Copyright Infringement Litig.*, 294 F.R.D. 105, 108 (D. Nev.

10 | 1982). The FAC fails to provide "a short and plain statement of the claim showing that

11 | the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The FAC is 132 pages long with

12 | thirty-four (34) exhibits attached. It reads like an appellate brief, with repeated citations to

13 | a lengthy record and an assumed familiarity with the disciplinary proceeding and its

14 | outcome.[4] The FAC is loaded with factual minutiae and citations to the record that would

15 | be more appropriate at the summary judgment stage. In the FAC they only serve to

16 | cloud Plaintiff's claims and force opposing parties and the Court to sort through the

17 | lengthy document and identify its key allegations. The FAC also includes unnecessary

18 | repeating language such as reiteration of the same paragraphs after every new set of

19 | alleged constitutional violations. Such repetition is unnecessary and further serves to

20 | lengthen the complaint and unfairly burden the opposing parties and the Court.

21 |        Further, the FAC's claims for relief do not identify which Defendants each claim is

22 | asserted against. Plaintiff has named eighteen (18) defendants who are each entitled to

23 | "fair notice" of what claims are asserted against them. *Twombly*, 550 U.S. at 555. Each

24 |

---

25, 26 |        [3]The Court notes that, although it extends to Plaintiff the liberal pleading rules associated with *pro se* plaintiffs, Plaintiff is an attorney.

27, 28 |        [4]The Court suspects that, due to time constraints, Plaintiff may have taken his opening brief in his appeal before the Supreme Court of Nevada and adapted it to make the FAC. This belief is bolstered by the fact that Plaintiff moved to file a 131-page opening brief before the Supreme Court of Nevada and was denied. (Dkt. no. 47 at 6-7.)

1    claim for relief names some specific defendants and also refers to "Defendants" in

2    general, suggesting that each claim is asserted against all Defendants. This does not

3    appear to be Plaintiff's intention, but the FAC needs to be made clearer to pass Rule 8's

4    pleading standard.

5        The Court therefore determines that the FAC has failed to satisfy the notice

6    pleading requirements of Rule 8(a) and is dismissed without prejudice. Plaintiff is

7    granted leave to file an amended complaint that provides "a short and plain statement of

8    the claim showing" Plaintiff "is entitled to relief" after the Court's order lifting the stay.

9    Fed. R. Civ. P. 8(a)(2). Should Plaintiff choose to file an amended complaint, he must

10   utilize the Court's complaint form pursuant to LSR 2-1 and may insert additional pages,

11   up to thirty (30) pages, to supplement the complaint form.

12       As the Complaint is dismissed, this action is stayed on abstention grounds and

13   the allegations and named defendants in this action may change, the Court finds it is

14   appropriate to deny without prejudice the pending motions to dismiss (dkt nos. 21, 24,

15   26, 31, 44) so that those motions' particularized arguments can be renewed in the event

16   that the stay is lifted and Plaintiff files an amended complaint. Chevalier's motion for

17   security costs (dkt. no. 32) is denied without prejudice as well because it is closely

18   related to her motion to dismiss, which in part argues insufficient service of process (dkt.

19   no. 31).[5] Similarly, the arguments in the filings regarding Plaintiff's motion for costs (dkt.

20   no. 94) are closely related to many of the arguments made in the motions to dismiss that

21   assert insufficient service of process (dkt. nos. 1, 5, 44). Plaintiff's motion for costs (dkt.

22   no. 94) is therefore also denied without prejudice.

23       Finally, Plaintiff's motion to strike Miller's reply regarding her motion to dismiss

24   (dkt. no. 65) and motion to extend time to file a reply regarding his motion for costs (dkt.

25   no. 104) are denied as moot.

26   _____

27       [5]NRS 18.130 requires a demand for security costs be made in the limited time
     allowed for answering the complaint, and Chevalier's motion to dismiss asserts that she
28   was never properly served with the complaint. (Dkt. no. 31 at 2-3.)

1

**IV.     CONCLUSION**

2         The Court notes that the parties made several arguments and cited to several

3   cases not discussed above. The Court has reviewed these arguments and cases and

4   determines that they do not warrant discussion as they do not affect the outcome of this

5   Order.

6         It is hereby ordered that Defendants' Motion to Dismiss (dkt. no. 29) is granted in

7   part and denied in part. This action is stayed on abstention grounds. Defendants'

8   remaining arguments are denied without prejudice to renew following the Court's order

9   lifting its stay.

10        It is further ordered that the remaining pending motions to dismiss (dkt. nos. 21,

11   24, 26, 31, 44), Chevalier's motion for security costs (dkt. no. 32), and Plaintiff's motion

12   for costs (dkt. no. 94) are denied without prejudice to renew following the Court's order

13   lifting its stay.

14        It is further ordered that Plaintiff's motion to strike (dkt. no. 65) and motion to

15   extend time (dkt. no. 104) are denied as moot.

16        It is further ordered that the Complaint is dismissed. Plaintiff is granted leave to

17   file an amended complaint that complies with Rule 8 consistent with this Order's

18   instructions within thirty (30) days of this Court's order lifting its stay.

19

        DATED THIS 26th day of September 2014.

20

21

22        _____
          MIRANDA M. DU
          UNITED STATES DISTRICT JUDGE

23

24

25

26

27

28