UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| WILLIAM BRECK, an Individual, pro se,<br><br>                           Plaintiff,<br>v.<br><br>ROGER DOYLE, *et al.*,<br><br>                           Defendants. | Case No. 3:12-cv-00649-MMD-VPC<br><br>ORDER |

**I.    SUMMARY**

Before the Court are two Motions to Dismiss. (ECF Nos. 130, 134.) The first was filed on behalf of David Clark, Kimberly Farmer, Laura Peters, Patrick King, J. Thomas Susich, Caren Cafferata-Jenkins, Kathleen Breckenridge (collectively, "Individual Defendants"), and the State Bar of Nevada ("SBN"). (ECF No. 130.) Plaintiff responded (ECF No. 141), and Individual Defendants and SBN replied (ECF No. 148).

The second motion to dismiss was filed on behalf of Defendants State of Nevada and the Nevada Supreme Court ("NSC"). (ECF No. 134.) Plaintiff responded (ECF No. 141), and Defendants State of Nevada and NSC replied (ECF No. 153).

For the following reasons, the Court grants both motions to dismiss.

**II.    BACKGROUND**

The Northern Nevada Disciplinary Panel ("Panel") found that Plaintiff violated Nevada Rules of Professional Conduct and recommended that he be barred from the practice of law in Nevada. (*See* ECF No. 124-3 at 1.) Plaintiff appealed the decision to the NSC and asserted a number of constitutional due process and equal protection

violations. (*See* ECF No. 130-3 at 41-75.) Meanwhile, Plaintiff initiated this action, and the Court abstained under *Younger*, staying the case. (*See* ECF No. 111 at 11.) The Court also dismissed Plaintiff's First Amended Complaint and granted leave to file a Second Amended Complaint ("SAC"). (*Id.*) Before Plaintiff filed his SAC, the NSC affirmed the Panel's sanctions, concluding that Plaintiff did not demonstrate "that his constitutional rights were violated during or by the proceedings." (ECF No. 130-2 at 4.) Plaintiff appealed to the United States Supreme Court, but the Court denied Plaintiff's petition for writ of certiorari. (ECF No. 124-3 at 1.) Plaintiff then filed his SAC, which contains claims for violations of the due process and equal protection clauses of the Fourteenth Amendment as well as claims for violation of the Privileges and Immunities Clause, Commerce Clause, and unconstitutional conditions doctrine, all stemming from his disciplinary proceeding. (ECF No. 124-1 at 6-8.)

### III. LEGAL STANDARD

#### A. Fed. R. Civ. P. 12(b)(1) Legal Standard

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows defendants to seek dismissal of a claim or action for a lack of subject matter jurisdiction. Dismissal under Rule 12(b)(1) "is appropriate if the complaint, considered in its entirety, on its face fails to allege facts sufficient to establish subject matter jurisdiction." *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 546 F.3d 981, 984–85 (9th Cir. 2008). Although the defendant is the moving party in a motion to dismiss brought under Rule 12(b)(1), the plaintiff is the party invoking the court's jurisdiction. As a result, the plaintiff bears the burden of proving that the case is properly in federal court. *In re Ford Motor Co./Citibank (S.D.), N.A., Cardholder Rebate Program Litig.*, 264 F.3d 952, 957 (9th Cir. 2001) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

#### B. Fed. R. Civ. P. 12(b)(6) Legal Standard

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pleaded complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to

relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Id.* at 570.

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pleaded factual allegations—but not legal conclusions—in the complaint. *Id.* at 678. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow a court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but has not shown—that the pleader is entitled to relief. *Id.* at 679. When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570.

**IV.     DISCUSSION**

     **A.     *Rooker-Feldman* Doctrine**

Defendants first argue that the SAC should be dismissed under Rule 12(b)(1) because this Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine. (ECF No. 130 at 6; ECF No. 134 at 4.) "*Rooker-Feldman* prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004). The Ninth Circuit has provided guidance to determine whether a suit amounts to a de facto appeal: "If a federal plaintiff asserts as a legal wrong an allegedly erroneous

decision by a state court, and seeks relief from a state court judgment based on that decision, *Rooker–Feldman* bars subject matter jurisdiction in federal district court." *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003). "If, on the other hand, a federal plaintiff asserts as a legal wrong an allegedly illegal act or omission by an adverse party, *Rooker–Feldman* does not bar jurisdiction." *Id.* Thus, *Rooker-Feldman* deprives federal district courts of jurisdiction when plaintiffs allege legal errors by state courts but not when plaintiffs allege wrongful acts by defendants. *Kougasian*, 359 F.3d at 1142.

Here, Plaintiff alleges wrongful acts by Individual Defendants and SBN in support of his claims. (*See, e.g.*, ECF No. 124-1 at 6 (alleging that Individual Defendants and SBN never notified Plaintiff of any preliminary hearing and never gave him the opportunity to review the evidence lodged against him).) While Plaintiff's SAC contains allegations that the NSC erred in determining his constitutional rights were not violated (*see, e.g.*, ECF No. 124-1 at 6; ECF No. 124-3 at 2), these allegations do not form the basis of his claims. Rather, his claims stem from the allegedly wrongful acts of Individual Defendants and SBN in connection with his disciplinary proceeding. Accordingly, this Court is not deprived of jurisdiction under *Rooker-Feldman*.

### B. Sovereign Immunity

Defendants next argue that the SAC should be dismissed under Rule 12(b)(6) because sovereign immunity bars claims against the State of Nevada, SBN, and NSC (ECF No. 130 at 8-9; ECF No. 134 at 5.) "[U]nder the eleventh amendment a state or its agencies cannot be sued in federal court without its consent." *O'Connor v. State of Nev.*, 686 F.2d 749, 750 (9th Cir. 1982). "Nevada has explicitly refused to waive its immunity to suit under the eleventh amendment." *Id.* (citing NRS § 41.031(3)). In addition, Defendant SBN enjoys eleventh amendment immunity as the investigative arm of Defendant NSC. *Id.* Naturally, the NSC enjoys eleventh amendment immunity as well. *See Simmons v. Sacramento Cty. Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003); *Louis v. Supreme Court of Nev.*, 490 F. Supp. 1174, 1180 (D. Nev. 1980). Accordingly, Defendants State

///

of Nevada, SBN, and NSC are not proper parties to this action, and Plaintiff's SAC will be dismissed as to them.

### C. Immunity of Individual Defendants

Individual Defendants argue that the SAC should be dismissed under Rule 12(b)(6) because they are immune from civil liability in this action based on NSC Rule 106. (ECF No. 130 at 7.) The rule states:

> All participants in the discipline process, including grievants, bar counsel staff, members of disciplinary panels, diversion and mentoring participants, and witnesses, shall be absolutely immune from civil liability. No action may be predicated upon the filing of a disciplinary complaint or grievance or any action taken in connection with such a filing by any of the participants.

NSC Rule 106. The rule contains one exception: "[A]ny disclosures made pursuant to Rule 121(16) shall not be immune under this rule." *Id.*

The Individual Defendant were participants in Plaintiff's discipline process. (*See* ECF No. 141 at 11-15; ECF No. 174 at 3.) As such, NSC Rule 106 presumptively applies. Plaintiff has not alleged that Individual Defendants' conduct falls within the exception to NSC Rule 106 but instead alleges that his claims arise from Individual Defendants' conduct outside the discipline process. (ECF No. 141 at 11-15.) However, Individual Defendants' conduct as alleged by Plaintiff relates entirely to the discipline process. (*See id.*; ECF No. 174 at 3.) Moreover, any conduct that Plaintiff alleges occurred outside the scope of the discipline process would exceed the scope of the SAC. Plaintiff's SAC contains only constitutional claims related to the discipline process. (*See* ECF No. 124-1 at 6-8.) Accordingly, Individual Defendants are immune from civil liability and are not proper parties to this action. Plaintiff's SAC will be dismissed as to them.

### V. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and

determines that they do not warrant discussion as they do not affect the outcome of the motions.

It is hereby ordered that Individual Defendants and SBN's Motion to Dismiss (ECF No. 130) is granted.

It is further ordered that Defendants State of Nevada and NSC's Motion to Dismiss (ECF No. 134) is granted.

Plaintiff's pending Motion for Partial Summary Judgment (ECF No. 174) is denied as moot.

The Clerk is directed to enter judgment in favor of Defendants and close this case.

ENTERED THIS 25th day of January 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

6