UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

WILLIAM BRECK,

Plaintiff,

v.

ROGER DOYLE, *et al.*,

Defendants.

Case No. 3:12-cv-00649-MMD-CLB

ORDER

This case arises from a state attorney-discipline matter. The Court previously issued an order granting two motions to dismiss regarding *pro se* Plaintiff William Breck's Second Amended Complaint (SAC) (ECF No. 124). (ECF No. 185 ("Order").) Plaintiff appealed the Order. (ECF No. 191 (notice of appeal).) The Ninth Circuit Court of Appeals affirmed the Order in part, reversed in part, and remanded for further proceedings consistent with its decision. (ECF No. 197.) In particular, the court of appeals reversed this Court's dismissal of Plaintiff's claims against the Individual Defendants[1] (seven of nine individuals who participated in Plaintiff's disciplinary proceedings) for damages unrelated to the State Bar of Nevada's disciplinary order. (*Id.* at 4–6.) The court of appeals found that this Court committed error in applying state law immunity to claims against these Defendants, though it noted that federally-recognized common-law immunities may apply. (*Id.* at 5–6.)

Since remand to this Court, the Individual Defendants and the two other Defendants—also in their individual capacities—have respectively filed three motions to dismiss ("MTDs") the SAC. (ECF Nos. 208 (filed by the Individual Defendants), 210 (filed

///

---

[1]Individual Defendants collectively refer to David Clark, Kimberly Farmer, Laura Peters, Patrick King, J. Thomas Susich, Caren Cafferata-Jenkins, and Kathleen Breckenridge. (*See, e.g.*, ECF No. 130 at 1.)

by Defendant Monica Caffaratti), and 213 (filed by Defendant Roger Doyle—which Monica Caffaratti joined (ECF No. 214 (joinder)).) The last of the MTDs was filed on January 15, 2020 (ECF No. 213). To date, Plaintiff has not responded to any of the MTDs. The Court will therefore grant the MTDs pursuant to Local Rule 7-2(d). *See* LR 7-2(d) (providing that "failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney[s'] fees, constitutes a consent to the granting of the motion").

It is therefore ordered that the pending motions to dismiss (ECF Nos. 208, 210, 213) and joinder (ECF No. 214) are granted without prejudice under Local Rule 7-2(d) based on Plaintiff's failure to file opposing points and authorities.

The Clerk of the Court is directed to entered judgment accordingly and close this case because the respective motions to dismiss dispose of all remaining claims against all remaining Defendants.

DATED THIS 3rd day of March 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE