UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WILLIAM BRECK,<br><br>　　　　　　　　　　Plaintiff,<br>　　v.<br>ROGER DOYLE, *et al.*,<br><br>　　　　　　　　　　Defendants. | Case No. 3:12-cv-00649-MMD-CLB<br><br>ORDER |

Over a month and a half ago, on March 3, 2020, this Court issued an order granting the remaining Defendants'[1] three motions to dismiss ("MTDs") (ECF Nos. 208, 210, 213) and joinder (ECF No. 214) under Local Rule 7-2(d) based on *pro se* Plaintiff William Breck's failure to file opposing points and authorities. (ECF Nos. 222, 223.) The MTDs were filed in early January 2020, after the Court of Appeals for the Ninth Circuit had, on November 12, 2019, affirmed in part and reversed in part this Court's order granting dismissal on Plaintiff's Second Amended Complaint ("SAC") (ECF No.124) and remanded for further proceedings. (*See* ECF Nos. 197, 198.) On April 20, 2020, the undersigned received a document from Plaintiff, directly in the mail sent to her chambers, which is represented to be an opposition to the MTDs and a motion for partial summary judgment ("Opposition/Motion").[2] The Court, of course, will not consider Plaintiff's Opposition/Motion.

///

---

[1] Defendants collectively refer to David Clark, Kimberly Farmer, Laura Peters, Patrick King, J. Thomas Susich, Caren Cafferata-Jenkins, Kathleen Breckenridge ("Individual Defendants" in the Court's prior orders) and Monica Caffaratti, and Roger Doyle.

[2] So the record is clear as to what document the Court is referencing here, the Court will direct the Clerk of the Court to docket the Opposition/Motion. The Clerk is directed to include a notation that the document is filed pursuant to this order to reflect that Plaintiff did not file the document.

The Court provides the below reasons for not considering the Opposition/Motion, largely for Plaintiff's benefit. First, Plaintiff is reflected in the Court's system as an electronic filer ("E-filer"). This means that Plaintiff receives filings electronically through the Court's electronic service, CM/ECF. This is notable for two reasons. One, it means that Plaintiff certainly received, via his email account on file with the Court, the following: the Ninth Circuit's memorandum decision upon appeal (ECF No. 197); the Court's subsequent order directing Individual Defendants to respond to the SAC (ECF No. 201)—filed on December 16, 2019; and the MTDs—the last of which was filed on January 15, 2020 (ECF Nos. 213, 214). *See* LR 4-1(a) ("Participation in the court's electronic filing system by registration and receipt of a login and password constitutes consent of the electronic service of pleadings and other papers under applicable rules, statutes, or court orders."). Two, if Plaintiff did not receive the filings, it is because he failed to comply with the Court's applicable Local Rule IC 2-1(g). This court rule requires a party registered as an E-filer to update his or her account information, including email address with the Court.[3] *See* LR IC 2-1(g); *see also* LR IC 2-1(j) ("Each filer is responsible to monitor his or her email to ensure timely receipt of electronically filed and served documents.").

Second, by his own fault then, Plaintiff has failed to appropriately and timely respond to the MTDs. To be sure, Local Court Rule (LCR) 12-1(a)(2) requires that responses to pretrial motions be filed and served within 14 days from the date of service of the motion. That means that Plaintiff's Opposition/Motion to the last filed MTD was due on January 29, 2020. However, the Opposition/Motion is dated April 10, 2020. Clearly, this is wholly beyond the timeframe—about three months beyond—for opposing the MTDs.

---

[3]Notably, there is also no indication, beyond a reference in the Opposition/Motion providing that it was executed in Mexico, that Plaintiff resides at a different location than what is available on the Court's docket. Local Rule IA 3-1 requires Plaintiff to "immediately" update his address with the Court.


Third, to the extent that the Opposition/Motion does not actually respond to the arguments made in the MTDs—appearing to substantively seek partial summary judgment, dismissal pursuant to Local Rule 7-2(d) is still warranted. *See* LR 7-2(d) (providing that "failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney[s'] fees, constitutes a consent to the granting of the motion").

Finally, there is no obvious indication that Plaintiff has provided a copy of the Opposition/Motion to Defendants. Plaintiff's failure to do so renders the Opposition/Motion an *ex parte* communication in violation of Local Rule IA 7-2.

In sum, Plaintiff has egregiously circumvented the Court's local rules.[4] A *pro se* party is "not excused from following court rules," *Briones v. Riviera Hotel & Casino,* 116 F.3d 379, 382 (9th Cir.1997), and must follow the same rules of procedure that govern other litigants, *United States v. Merrill,* 746 F.2d 458, 465 (9th Cir.1984), *cert. denied,* 469 U.S. 1165 (1985), overruling on other grounds recognized by *United States v. Hanna*, 293 F.3d 1080 (9th Cir. 2002).

It is therefore ordered that, for the reasons stated herein, the Court will not consider Plaintiff's Opposition/Motion.

It is further ordered that the Clerk of the Court docket Plaintiff's Opposition/Motion, which was sent directly to the undersigned's chambers, and include a notation that the document is filed pursuant to this order.

DATED THIS 23rd day of April 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

---

[4] On April 17, 2020, Chief Judge Du issued General Order 2020-07, adopting amendments to the Local Rules of Practice for the United States District Court for the District of Nevada. The general order became effective the same day. This order therefore does not cite to the amended rules and references the older versions of the rules, which are applicable to the instant matter.